[No. 11688.  Department Two.  February 16, 1914.]

MARTIN OPSAHL, *Respondent*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*.[1]

MASTER AND SERVANT—COMMON CARRIERS—FEDERAL EMPLOYERS' LIABILITY—ASSUMPTION OF RISKS. The defense of assumption of risks is not available, in an action by a railroad blacksmith for personal injuries sustained through the use of a defective grindstone which it was extremely hazardous to use, brought under the Federal Employers' Liability Act, 35 Stat. 65, providing that an employee of a common carrier does not assume the risks in any case where the violation by the carrier of any statute enacted for the safety of employees contributed to the injury; in view of Rem. & Bal. Code, § 6587, prohibiting the use of any machine if any part of it is in a defective condition.

SAME—ASSUMPTION OF RISKS—INSTRUCTIONS. Instructions upon the question of the assumption of risks in the case of known defects in a machine held to be as favorable to defendant as should have been given.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $2,565 for personal injuries, reduced by the trial court to $1,300, is not excessive, where the plaintiff, a blacksmith, sustained an injury to his hand resulting in the amputation of his little and third finger and injury to the middle finger.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered September 24, 1913, upon the verdict of a jury rendered in favor of the plaintiff, for personal injuries sustained by an employee in a railway blacksmith shop. Affirmed.

*Geo. T. Reid, J. W. Quick,* and *L. B. da Ponte,* for appellant.

*Govnor Teats, Leo Teats,* and *Ralph Teats,* for respondent.

MOUNT, J.—The plaintiff in this action recovered a judgment in the lower court for $1,300 on account of personal in-

[1] Reported in 138 Pac. 681.

juries received by him while in the employ of the defendant. The defendant has appealed.

It is conceded by the appellant that the respondent brought the action under the provisions of the Federal employers' liability act, approved April 22, 1908.

The respondent is a blacksmith, of twenty years experience. He was employed in the blacksmith shop of the defendant, at South Tacoma. It was his duty to aid in repairing and constructing cars belonging to the appellant company engaged in interstate commerce. While in the performance of his work, he undertook to grind down the head of a hammer which he was using about his work. For that purpose, he went to a large grindstone in the shop and proceeded to grind the hammer. This grindstone was four and one half feet in diameter, and seven or eight inches thick across the face. It was driven by power. There was a hole in the face of the grinding surface of the stone, about half an inch deep and four or five inches long crosswise. The appliance for the stone consisted of a rest on one side thereof. It appears that this rest was also out of order.

The respondent knew the condition of the stone. He had frequently used it for grinding tools. He testified that, in grinding chisels, he placed them on the flat side of the stone instead of upon the grinding surface, because the grinding surface was so rough that he could not use it and get an edge on the chisel. Upon the grinding surface of the stone, on each side of the hole, was a strip an inch or two wide which could be used. The respondent used these strips for grinding the face of the hammer. After he had ground the face of the hammer, he desired to round off the edges thereof, and in attempting to do so, the edge of the hammer caught in the hole and drew his hand down between the rest and the stone in such a manner that a portion of his little finger and a portion of his third finger were so injured as to require amputation. His middle finger was also injured.

At the close of the plaintiff's case, and also at the close

of the whole case, the appellant moved the court for a directed verdict, which motions were denied. The jury subsequently returned a verdict in favor of the respondent for $2,565. Thereafter the appellant filed a motion for judgment notwithstanding the verdict, and in the event this motion was denied, for a new trial. Upon the hearing of these motions, the court denied the motion for judgment *non obstante veredicto*, but sustained the motion for new trial on the ground that the verdict was excessive, unless the respondent would remit all in excess of $1,300. The respondent elected to make this remission, and judgment was entered for $1,300.

The appellant argues, first, that the court erred in denying the motion for a directed verdict and for judgment notwithstanding the verdict, for the reason that the evidence shows that the respondent knew the condition of the stone and the dangers incident to the use thereof and, therefore, assumed the risk. A number of cases from this court are cited to the effect that "where an employee knows, or in the reasonable exercise of his faculties should know the dangers which surround him, he must be held to have assumed the risk." This rule does not apply to this case, because this action, as we have heretofore observed, is conceded to have been brought under the Federal employers' liability act. Section 4 of that act provides as follows:

"That in any action brought against any common carrier under or by virtue of any of the provisions of this act to recover damages for injuries to, or the death of, any of its employees, such employee shall not be held to have assumed the risk of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee." 35 Stats. at Large, 65.

The statutes of this state provide that any person, firm, or corporation operating a workshop where machinery is used shall provide and maintain proper safeguards therefor, "and if any machine or any part thereof, is in a defective condition, and its operation would be extrahazardous because of such

defect, or if any machine is not safeguarded as provided in this act, the use thereof is prohibited, . . ." Rem. & Bal. Code, § 6587 (P. C. 291 § 61).

These statutes conclusively answer the position of the appellant to the effect that it was the duty of the court to direct a verdict for the defendant; for it was clearly shown by the evidence that the grindstone was in daily use in the appellant's shop, and that it was extremely hazardous to use it because of the defect stated. Witnesses testified that the defects were clearly observable, that they were known to every person who worked in the shop; and some of them testified that they had refused to use the stone because of its dangerous condition. We think it is plain, therefore, that the respondent did not assume the risk, even though he knew of the danger.

The appellant also contends that the court erred in refusing to give an instruction requested by it with reference to the assumption of risk. This instruction was not requested by the defendant until after the court had instructed the jury. The court did instruct the jury as follows:

"In relation to the affirmative defense of the defendant company, the court instructs you that an employee when he engages in a particular employment is presumed to do so with a full knowledge of, and the taking of, that risk and its ordinary hazards, and that he assumes the risk of all dangers which are open and obvious.

"It would, therefore, be the duty of the plaintiff to look at the machinery about which he was employed and to apprise himself of any danger afforded by it and which he could have discovered, or ought to have discovered, by a proper examination thereof or by the use of his sight and other senses; and if he failed during the course of his employment, and while engaged in the use of the grindstone, to apprise himself of the dangers which he ought to have seen, then the plaintiff was not in the exercise of ordinary care and prudence, and it is your duty so to find. The plaintiff assumes the risk of dangers which are open and apparent to his observation.

"If you find that the defendant company was negligent in maintaining a defective grindstone, but that plaintiff's injury was due to one of those dangers which the law holds him to have assumed, then you should return a verdict for the defendant company."

If the appellant was entitled to any instruction upon the question of assumption of risk, these instructions were as favorable as should have been given.

The appellant also argues that the verdict is still excessive, and that a new trial should therefore be granted. We are of the opinion that the judgment, as finally entered, is not so excessive as to require a reversal upon that ground.

The judgment is therefore affirmed.

CROW, C. J., PARKER, FULLERTON, and MORRIS, JJ., concur.