[No. 11950.   Department Two.   January 9, 1915.]

## LEO LAUER, *Appellant*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Respondent*.[1]

MASTER AND SERVANT—INJURY TO SERVANT—FEDERAL EMPLOYERS' LIABILITY ACT—APPLICABILITY OF STATE STATUTE. The Federal employers' liability act, § 3, providing that contributory negligence is not a defense in any case where the common carrier's violation of "any statute" enacted for the safety of employees contributed to the injury, has reference only to Federal statutes; hence, in an action under that act, the failure of the employer to safeguard dangerous machinery under the state factory act, Rem. & Bal. Code, §§ 6587-6598, cannot be taken into consideration as excusing the employee's contributory negligence or his assumption of risks (overruling *Opsahl v. Northern Pac. R. Co.*, 78 Wash. 197).

COURTS—RULE OF DECISION—FEDERAL QUESTIONS. State courts are required to follow the construction placed upon an act of Congress by the Federal courts.

MASTER AND SERVANT—ACTIONS—VARIANCE—RECOVERY AT COMMON LAW. In an action for personal injuries under the Federal em-

[1]Reported in 145 Pac. 606.

ployers' liability act, in which plaintiff shows that the injury oc-
curred in interstate commerce, he has no right to have the case
submitted to the jury as a common law action, upon failure to
prove a case under the Federal act.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered December 27, 1913, dismissing
an action for personal injuries, under the Federal employers'
liability act, upon granting a nonsuit. Affirmed.

*Govnor Teats, Leo Teats,* and *Ralph Teats,* for appellant.

*Geo. T. Reid, J. W. Quick,* and *L. B. da Ponte,* for re-
spondent.

*Cushing & Cushing* and *Erwin E. Richter, amici curiae.*

MAIN, J.—This action was brought under the Federal em-
ployers' liability act of April 22, 1908, as subsequently
amended. The complaint charges, that, at the time of the
injury, the plaintiff was engaged in interstate commerce.
This was denied by the answer; but upon argument in this
court was admitted. At the conclusion of the plaintiff's
evidence, a challenge was interposed to the sufficiency of
the evidence, and a motion made that the action be dis-
missed. From the judgment of the superior court dismiss-
ing the action, an appeal is prosecuted.

The plaintiff, at the time of the injury which he sus-
tained, was working for the defendant in its car shops at
South Tacoma, Washington. The accident happened about
four or five weeks after he entered the employment. When
he was first employed, he operated a single drill press for
about ten days, and at times doing other work. After he
had been at work operating the single drill press for the time
mentioned, he began working on a gang drill. A gang drill
is a machine capable of driving several individual drills at
the same time. Above the drills is a revolving shaft, and
the power from this is transmitted to the drills by means of
cog wheels. At the time of the injury the plaintiff was
operating one of the individual drill presses of the gang

drill. This drill press, by means of a lever, could be started or stopped independent of the others. The plaintiff was injured about three or four weeks after he went to work upon the drill press connected with the gang drill.

On the morning of January 11, 1913, the plaintiff was boring holes by means of the drill through brake shafts which were to be placed upon cars engaged in interstate commerce. Without stopping his drill press, he took a small handful of waste, passed back of the machine, stepped upon a pile of iron, reached up and was wiping the oil off the framework of the machine. When his fingers were within two or three inches of the revolving cog wheels, the waste caught in the cogs and his hand by this means was injured by the cogs. The injury sustained was the loss of the end of the thumb, and the ends of the first and second fingers of the right hand.

The negligence complained of is the failure on the part of the defendant to have the cog wheels guarded. It is claimed that the failure to properly guard the cog wheels was a violation of the statute of this state generally known as the "factory act." Rem. & Bal. Code, §§ 6587 to 6598 (P. C. 291 §§ 61, 83), inclusive.

In the briefs, two questions are presented: First, when the action is brought under the Federal employers'. liability act, can the failure of the defendant to conform to a state statute be taken into consideration in determining liability? And second, if the plaintiff cannot prevail under the Federal act, can he maintain the suit as a common law action?

I. Section 3 of the Federal employers' liability act, after setting out that contributory negligence shall not bar recovery, provides, that an employee shall not be held to have been guilty of contributory negligence in any case where the violation by the common carrier "of any statute enacted for the safety of employees contributed to the injury." Section 4 of the act provides that the "employee shall not be held to have assumed the risks of his employment in any

case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury." The question is whether the language "any statute enacted for the safety of employees" as used in each of the sections mentioned, includes state statutes, or is limited to the acts of Congress. The plaintiff claims that the defendant violated the factory act of this state in failing to have the cog wheels guarded. If state statutes are included within the term "any statute" as used in §§ 3 and 4 of the Federal act, then the question would arise whether, under the factory act, the cog wheels should have been guarded. If the term "any statute" does not include a state statute, then the question does not arise whether under the factory act of the state the cog wheels should have been guarded. The phrase "any statute enacted for the safety of employees" was held in *Seaboard Air Line R. Co. v. Horton*, 233 U. S. 492, to mean Federal statutes and not state statutes. In the course of the opinion in that case, speaking upon the exact question, it was said:

"By the phrase 'any statute enacted for the safety of employees,' Congress evidently intended Federal statutes, such as the Safety Appliance Acts (March 2, 1893, c. 196, 27 Stat. 531; March 2, 1903, c. 976, 32 Stat. 943; April 4, 1910, c. 160, 36 Stat. 298; February 17, 1911, c. 103, 36 Stat. 913); and the Hours of Service Act (February 4, 1907, c. 2939, 34 Stat. 1415). For it is not to be conceived that, in enacting a general law for establishing and enforcing the responsibility of common carriers by railroad to their employees in interstate commerce, Congress intended to permit the legislatures of the several states to determine the effect of contributory negligence and assumption of risk, by enacting statutes for the safety of employees, since this would in effect relegate to state control two of the essential factors that determine the responsibility of the employer."

It must be admitted that the decision in that case is out of harmony with the view expressed by this court in *Opsahl v. Northern Pac. R. Co.*, 78 Wash. 197, 138 Pac. 681. The

question calls for the construction of an act of Congress; and the Federal supreme court having construed the statute, we think this court should follow the construction placed upon it by that court. The decision in the *Opsahl* case was rendered some months prior to the decision in the *Seaboard Air Line R. Co.* case. So far as these decisions are out of harmony, the *Opsahl* case will be overruled.

II. It is claimed, however, that if this court should be of the opinion that the factory act does not apply, then the case should have been submitted to the jury as a common law action. The injury in this case occurred in interstate commerce. The action, as already indicated, was brought under the Federal act. Can plaintiff then, when his action fails under the Federal act, pursue the action at common law. In *Wabash R. Co. v. Hayes,* 234 U. S. 86, speaking upon this question, it was said:

"Had the injury occurred in interstate commerce, as was alleged, the Federal act undoubtedly would have been controlling and a recovery could not have been had under the common or statute law of the state; in other words, the Federal act would have been exclusive in its operation, not merely cumulative [Citing authorities]."

Had it appeared upon the trial that the plaintiff, at the time of the injury, was not engaged in interstate commerce, and the complaint had stated an action at common law, a different question would be presented. *Baird v. Northern Pac. R. Co.,* 78 Wash. 67, 138 Pac. 325.

The judgment will be affirmed.

CROW, C. J., MOUNT, ELLIS, and FULLERTON, JJ., concur.